**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ENRIQUE PARRA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-14-CV-0273-KC** |
| | § | **EP-11-CR-1827-KC-15** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent**. | § | |

**<u>ORDER</u>**

On this day, the Court considered Petitioner Enrique Parra's Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion"),[1]

ECF No. 839.[2] By the Motion, Parra challenges his criminal sentence on the ground that he

received ineffective assistance of counsel. *See id*. For the following reasons, the Court **DENIES**

the Motion.

**I.      BACKGROUND**

On October 10, 2012, Parra was charged in two counts of a three count Superseding

Indictment with Conspiracy to Import a Controlled Substance, to wit: 100 kilograms or more of

marijuana, in violation of Title 21 U.S.C. §§ 963, 952(a), and 960(a)(1); and  Conspiracy to

Possess a Controlled Substance with Intent to Distribute, to wit 100 kilograms of marijuana, in

violation of Title 21 U.S.C. §§ 856, 841(a)(1).  Superseding Indictment, ECF No. 524.  On

December 7, 2012, Parra entered a guilty plea to the Superseding Indictment, and on March 28,

---

[1] The Court refers to the pagination assigned to the Motion by the Court's electronic docketing system, rather than to the internal pagination assigned by Petitioner.

[2] For the purposes of this Order, all docket entries refer to the criminal case EP-11-CR-1827-KC (the "Case").

2013, the Court sentenced Parra to a term of imprisonment of 120 months on each of the two counts to be served concurrently, and to a term of non-reporting supervised release of four years. J. in a Criminal Case 2-3, ECF No. 770.

On October 23, 2012, before Parra decided to plead guilty, the government filed a "Motion to Compel Defendant's Voice Exemplar," seeking a sample of Parra's voice.  Mot. 1-2, ECF No. 545.  The government requested the sample to compare it with audio recordings of conversations made as part of the investigation in order to identify Parra's voice on the recordings.  *Id.* at 2.  Subsequently, on November 8, 2012, Parra filed his own motion to obtain the voice exemplar, seeking to join the government's motion; he also sought any voice analysis information in the possession of the government.  Mot. to Produce Voice Exemplar 1, ECF No. 560.  On November 9, 2012, the Court granted the government's motion to compel Parra to produce the voice exemplar.  Order, ECF No. 565.

Around November 29, 2012, Parra decided to plead guilty, which he did on December 7, 2012.  *See* Orders, ECF Nos. 570, 599.  On February 6, 2013, the United States Probation Department prepared the Presentence Investigation Report ("PSR"), to which Parra's counsel timely filed objections on February 20, 2013.  Addendum to Presentence Report, Objections, ECF No. 711.  Soon after, on February 22, 2013, Parra's counsel requested that the Court hold an evidentiary sentencing hearing in order for Parra to present evidence to challenge certain findings in the PSR.  Mot. for Evidentiary H'rg, ECF No. 713.  He made this request to challenge the PSR's finding as to Parra's role in the offense, as well as to the amount of marijuana for which Parra was held responsible.  *Id.*

On February 27, 2013, Parra's counsel moved the Court for a continuance of the sentencing hearing in order to secure the attendance of witnesses at the hearing, as well as to

secure the voice exemplar which the government had previously requested, and in which request Parra had joined. Mot. to Continue 2-3, ECF No. 726. The Court granted the continuance and scheduled the sentencing for March 28, 2013. Soon after, the parties were unable to reach an agreement on the procedures by which the voice exemplar was to be taken, and the government no longer required the voice sample once Parra decided to plead guilty. Advisory to the Court, ECF No. 741; Notice, ECF No. 742. Thus, the Court subsequently vacated its order requiring the voice exemplar. Order Vacating Prior Order 2, ECF No. 747.

On March 28, 2013, the case proceeded to the sentencing hearing, and Parra's counsel filed his witness list. *See* Witness List, ECF No. 761. The Court held the hearing and Parra's counsel began by calling and questioning witnesses. *See generally* Mar. 28, 2013, Sentencing Hr'g 1-41. However, after a break Parra decided to withdraw his objections to the PSR, *id.* at 41-42, and the Court then proceeded with the sentencing, *id.* at 43-45.

On July 17, 2014, Parra timely filed the instant Motion to Vacate, and the government filed its response on September 22, 2014.

## II.    DISCUSSION

### A.    Standard

28 U.S.C. § 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

After a petitioner has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). Typically, before a court will grant relief pursuant to § 2255, the petitioner must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a petitioner must either: (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). The cause and actual prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet*, 81 F.3d at 589. If the petitioner does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).  This

4

procedural bar does not apply, however, to claims alleging ineffective assistance of counsel. *See*

*Massaro v. United States*, 538 U.S. 500, 508 (2003).

The United States Constitution's Sixth Amendment guarantees an accused the right to the

assistance of counsel for his defense in all criminal prosecutions. U.S. Const. amend. VI.

Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v.*

*Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily

brought for the first time on collateral review because of the difficulty of compiling an adequate

record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To obtain relief on an

ineffective assistance of counsel claim, a petitioner must demonstrate both (1) that his "counsel's

performance was deficient[,]" and (2) that "the deficient performance prejudiced the defense."

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223,

1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A failure to establish

either prong of this test requires a court to find that counsel's performance was constitutionally

effective. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot

be said that the conviction or . . . sentence resulted from a breakdown in the adversary process

that renders the result unreliable."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997)

("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective

assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not

address both components of the inquiry if the defendant makes an insufficient showing on one.").

The test's performance prong centers on whether counsel's assistance was reasonable in

light of all the circumstances at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688

("The proper measure of attorney performance remains simply reasonableness under prevailing

professional norms."). In order to obtain relief, a petitioner must establish "that counsel made

5

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A deficiency in counsel's performance, even if professionally unreasonable, does not necessarily equal ineffective assistance of counsel; the petitioner must also demonstrate actual prejudice. *See id.* at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). The test's prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

B.      **Analysis**

Parra alleges that Trial Counsel rendered ineffective assistance at trial in two respects: Counsel failed to investigate to obtain the voice exemplars; and counsel provided erroneous advice to Parra resulting in his involuntary withdrawal of his objections to the PSR.  Mot. 9-16. The Court considers each challenge in turn.

1.      **Trial Counsel's failure to investigate and to obtain voice exemplars**

In his Motion, Parra argues that "trial counsel's failure to investigate, allow for voice exemplars of Parra to refute governmetn's [sic] proffer that Parra was involved in and

responsible for in excess of 100 kilograms of marijuana constituted ineffective assistance." Mot. 9.

Indeed, "[a]dequate investigation is a requisite of effective assistance." *Gray v. Lucas,* 677 F.2d 1086, 1093 (5th Cir. 1982) (citing *Rummel v. Estelle,* 590 F.2d 103, 104 (5th Cir. 1979); *Gaines v. Hopper,* 575 F.2d 1147 (5th Cir. 1978)). And, a failure to investigate evidence that could result in a reduction of a defendant's sentence can amount to ineffective assistance. *See Lockett v. Anderson*, 230 F.3d 695, 711 (5th Cir. 2000). To establish an ineffective assistance claim predicated on counsel's failure to investigate, the petitioner "must show both a failure to investigate adequately and prejudice arising from that failure." *Gray*, 677 F.2d at 1093 (citing *Washington v. Watkins,* 655 F.2d 1346, 1362 & n. 32 (5th Cir. 1981)). "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Lockett*, 230 F.3d at 713; *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted). Without such a showing, "'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'" *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (quoting *United States ex rel. Partee v. Lane,* 926 F.2d 694, 701 (7th Cir. 1991)). And, with regard to ineffective assistance at sentencing, prejudice occurs when counsel's deficient performance results in any amount of additional prison time. *United States v. Grammas,* 376 F.3d 433, 438 (5th Cir. 2004).

In the instant case, Parra has failed to explain what counsel has failed to investigate, what the investigation would have revealed, and how the result of the investigation would have altered

the outcome of the sentencing.  For this reason alone, the claim fails.  *See Green,* 882 F.2d at 1003.

Indeed, the record shows, and Parra's own Motion confirms, that trial counsel vigorously and effectively investigated and defended Parra's case, and did so particularly thoroughly with regard to sentencing:  Counsel joined the government's motion for a voice exemplar; to further that request, counsel filed his own motion for the voice exemplar; counsel filed ten pages of objections to the PSR including a challenge to the amount of marijuana for which Parra was held responsible; counsel challenged the government's contention that Parra's voice could be heard on the intercepted telephone conversations; counsel requested an evidentiary hearing at sentencing on the merits of the objections; counsel issued subpoenas and filed a witness list for that hearing; and counsel pursued that hearing through its commencement including questioning of witnesses.  Mot. 9-10; Objections to PSR ECF No. 712-3; Mot. for Evidentiary Sentencing Hr'g, ECF No. 713; Mot. to Continue Sentencing H'rg, ECF No. 726; Witness List, ECF No. 761; Mar. 28, 2013 Sentencing H'rg Tr. 3-5, 15-20, 23-32, 34-39. ECF No. 805.  Parra has not shown that counsel was deficient in his investigation, let alone how counsel was deficient, and the claim of failure to investigate fails.  *See Anderson*, 18 F.3d at 1221; *Green*, 882 F.2d at 1003.

With regard to the investigation, Parra is particularly concerned about counsel's decision not to pursue the voice exemplars which, according to Parra, would have proven to the Court that Parra was not the individual speaking in the recorded conversations.  Mot. 12.  Parra states "had this Court been presented with all the evidence relevant to what amount of marijuana should be attributable to Parra, this Court would have sentenced Parra to drug quantities less than 100 kilograms of marijuana."  Mot. 11-12 & n.3.

At the outset, the Court notes that counsel did in fact pursue the voice exemplars.

8

However, because the court vacated its prior order requiring the voice exemplars, and did not grant Parra's own request for them, Parra's counsel was unable to obtain the voice exemplars. *See* Mar. 11, 2013, Order, 2-3, ECF No. 747. Thus, it was not Parra's counsel's deficient performance which resulted in the failure to acquire the voice exemplars; rather, it was the Court's own determination that the exemplars were not necessary. This was no fault of counsel.

This obvious obstacle to Parra's claim aside, Parra's claim of ineffective assistance at sentencing still fails because he cannot show that he was prejudiced. First, Parra's broad, conclusory allegations of ineffectiveness are insufficient to demonstrate deficient performance or actual prejudice. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence).

And critically, Parra does not explain how obtaining the voice exemplar would have altered the outcome of the sentencing, resulting in a lesser sentence. *See Grammas*, 376 F.3d at 438. For even if Parra could show that it was not his voice in these conversations, which he does not attempt to do in the Motion to Vacate, Parra does not demonstrate that he would still not be held accountable for the quantity of marijuana ascribed to him in the PSR. Without such a showing of prejudice, the claim also fails. *See Grammas,* 376 F.3d at 438; *Lockett*, 230 F.3d at 711; *Green*, 882 F.2d at 1003.

This is particularly so here in this case upon consideration of the other evidence of the depth of Parra's involvement in the conspiracy. As the PSR indicates, there was evidence, separate from the recorded conversations, which implicated Parra in the conspiracy. Evidence including statements by witnesses and co-conspirators, investigative reports from law

enforcement agencies, and surveillance reports all supported the findings of the marijuana quantities ascribed to Parra in the PSR.  *See* PSR 5-6, 23.  Thus, Parra has not shown that counsel's failure to acquire the voice exemplars resulted in his being found responsible for too large an amount of marijuana, nor that he was sentenced to greater jail time as a result.  *See Grammas*, 376 F.3d at 438.

### 2.  Petitioner's withdrawal of his objections to the PSR was not knowing and voluntary due to counsel's erroneous advice

Parra next contends that counsel was ineffective when counsel provided him erroneous advice regarding his sentencing guideline range, causing him to withdraw his objections to the PSR.  Mot. 10-11, 14-15.  Parra explains that counsel misinformed him that he would receive twenty years of imprisonment if he were to continue to press his objections to drug quantities, when, in fact, the guideline range for his offense was only ten years. Mot. 14.  Parra states that "the prejudice flowing from counsel's deficient performance is clear. Had Parra known that the applicable guideline range even in the event this Court was to reject his objections to the presentence report and drug quantities was 10 years imprisonment; Parra would not have allowed or otherwise consented to or waived his objections to the drug quantities proffered by the government."  Mot. 11.

The essence of Parra's claim here is that, due to counsel's mistakes, he was held accountable for more marijuana than he should have been in the PSR because he abandoned his objections.  This claim too fails.  And it fails for the same reasons as with the claim of failure to investigate: Parra's allegations are conclusory and he has not shown prejudice.

Parra does not explain how his alleged coerced withdrawal of his objections to the PSR resulted in his being sentenced to more time in prison than he otherwise should have been.  He

10

does not explain how the objections would have reduced the amount of marijuana for which he was held responsible, and how that would alter the resulting term of imprisonment. Thus, the claim fails because it is conclusory. *See Day*, 566 F.3d at 540-41; *see also Lincecum*, 958 F.2d at 1279. The Fifth Circuit has held repeatedly that a petitioner's bare allegations are insufficient to state a claim on habeas corpus review and do not warrant relief. *See, e.g., Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that the petitioner's conclusory allegations failed to establish a valid ineffective assistance of counsel claim).

Furthermore, as explained above with regard to the failure to investigate claim, there was ample evidence independent of the recordings to support the PSR's findings regarding Parra's involvement in the conspiracy, and the amount of the marijuana for which he was held accountable. Parra does not address this other evidence in his Motion to Vacate. For this reason, Parra has not shown that the outcome at sentencing would have been different; therefore, he has not shown prejudice. *See Grammas*, 376 F.3d at 438; *Lockett*, 230 F.3d at 711.

### D.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, Parra must obtain a certificate of appealability before appealing this Order. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

11

2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336. "A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument." *Peralta-Ramirez*, 2008 WL 4630369, at *12 (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)). For the reasons stated above, jurists of reason would not debate the merits of any of Parra's claims, so the Court sua sponte denies Parra a certificate of appealability. *See id*. (citing *Alexander v. Johnson*, 211 F.3d at 898).

## III.   CONCLUSION

It is therefore **ORDERED** that the Motion, ECF No. 839, EP-11-CR-1827-KC, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the corresponding civil action, EP-14-CV-273-KC, is hereby **DISMISSED WITH PREJUDICE.**  The Court shall issue a final judgment separately.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

**SIGNED this 10th day of June, 2016.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE